IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,716-02






EX PARTE BARRY MARTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR05-153A IN THE 235TH DISTRICT COURT


FROM COOKE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to theft and was
placed on deferred adjudication probation for five years. He was later adjudicated guilty and
sentenced to imprisonment for ten years. The Second Court of Appeals affirmed his conviction. 
Martin v. State, No. 02-10-00230-CR (Tex. App.--Fort Worth 2011, no pet.).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he failed to properly file a motion for new trial after Applicant was adjudicated guilty.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether counsel's
conduct was deficient and, if so, whether there is a reasonable probability that the result would have
been different at the motion for new trial proceeding. The trial court shall also order the District
Clerk to forward a copy of the reporter's record of the adjudication of guilt hearing. The trial court
shall make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: October 23, 2013

Do not publish